IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL A. SMITH,<br>　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:12-CV-730-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. Parties

Petitioner Michael A. Smith, TDCJ #1036085, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On February 15, 2001, a jury found petitioner guilty of burglary of a habitation in the 371st District Court of Tarrant County, Texas, Case No. 0788049R, and, on March 30, 2001, the trial court assessed his punishment at 40 years' confinement. (docket entry no. 19 - Clerk's R. at 59) Petitioner appealed the conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on September 11, 2002, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (docket entry nos. 1, 6) *Smith v. State*, No. 02-01-145-CR, slip op. (Tex. App.–Fort Worth, May 16, 2002); *Smith v. State*, PDR No. 1124-02. Petitioner apparently did not seek writ of certiorari. (Pet. at 3)

On September 24, 2004, petitioner filed a state postconviction application for habeas relief challenging the same conviction, which was denied without written order by the Texas Court of Criminal Appeals on August 17, 2005. (docket entry no. 23 - 01State Habeas R. at cover, 2) Petitioner filed two additional state habeas applications challenging the conviction, the first on May 8, 2009, and the second on July 2, 2012, both of which were dismissed as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure. (docket entry no. 27 - 03State Habeas R. at cover, 2; docket entry no. 28 - 04State Habeas R. at cover, 2) This federal habeas petition challenging the conviction is deemed filed on October 9, 2012. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). As directed, the parties have filed preliminary responses and documentary exhibits addressing the issue of limitations.

## D. Statute of Limitations

Respondent asserts the petition is time-barred under 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. §

2

2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the trial court's judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on December 10, 2002, triggering the one-year limitations period, which expired one year later on December 10, 2003. *See Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012);

*Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, petitioner's federal petition was due on or before December 10, 2003, absent any tolling.

Petitioner's state habeas applications filed after the limitations expired did not operate to toll the limitations period under § 2244(d)(2) and petitioner has not demonstrated that an alternative exception of § 2244(d)(1)(B)-(D) applies or that he is entitled to tolling as a matter of equity. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Equitable tolling is available only in rare or exceptional circumstances beyond a petitioner's control that prevented him from filing in a timely manner. *Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010). It is well settled that allegations of indigence, pro se status, lack of knowledge regarding the law and filing deadlines, and lack of legal assistance, all common problems for inmates seeking postconivction habeas relief, are insufficient to justify equitable tolling of the limitations period. (Pet. at 9) *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). Petitioner's excessive delay in seeking federal habeas relief further mitigates against equitable tolling.

Petitioner also argues that the time limitations period found in § 2244(d) constitutes an unconstitutional abridgement of the First Amendment right to petition the government for a redress of grievances. (Pet'r Reply at 1) U.S. CONST., amend I. This argument is unavailing. Prisoners have a constitutional right of access to the court concerning their convictions. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). However, the right of access to the courts is limited to the initiation of a court action, and does not include the right to litigate effectively or successfully once in court. *Id.* at 354. While the limitations period may prevent some habeas petitions from succeeding, it does not prevent a prisoner from timely filing a habeas action in federal court and having a meaningful opportunity to pursue it. *Lockett v. Day*, 264 F.3d 1140, 2001 WL 822505, at *1 (5th Cir. June 20, 2001) (not

designated for publication). Application of the limitations period did not hinder petitioner's ability to file a timely petition.

Petitioner's federal petition was due on or December 10, 2003. His petition, filed on October 9, 2012, nearly nine years after limitations expired, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 21, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 21, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 31, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE